```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

BROTHERHOOD MUTUAL INSURANCE
COMPANY, as subrogee of
THE KEYSTONE APOSTOLIC CHURCH, formerly
known as THE PENTECOSTAL ASSEMBLY
OF JESUS CHRIST,

    Plaintiff,

v.                            Civil Action No. 2:16-cv-03118

CENTRAL WEST VIRIGINIA REGIONAL
AIRPORT AUTHORITY, INC., TRIAD
ENGINEERING, INC., CAST & BAKER
CORPORATION, MICHAEL BAKER
INTERNATIONAL, INC., WEST VIRGINIA
PAVING, INC., SENEX EXPLOSIVES INC.,
AFFORDABLE ASPHALT MAINTENANCE CORPORATION,
ENGINEERED ARRESTING SYSTEMS CORPORATION,
ROYAL TEN CATE (USA), INC., NOVEL
GEO - ENVIRONMENTAL, LLC, JMD COMPANY, INC.,
AND JOHN DOES NOS. 1-10,

    Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


       Pending is plaintiff Brotherhood Mutual Insurance Company's motion to remand, filed April 29, 2016, and defendant Central Regional West Virginia Airport Authority's motion to remand, filed May 1, 2016.

       This case arises from the March 12, 2015 landslide at Yeager Airport in Charleston, West Virginia.  The asserted causes of the landslide, and the events leading up to it, have

been summarized elsewhere and need not be repeated for purposes of this motion. See Cent. W. Virginia Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc., No. 2:15-CV-11818, 2016 WL 685086, at *1 (S.D.W. Va. Feb. 18, 2016).

Defendant Engineered Arresting Systems Corporation ("Zodiac") removed this action pursuant to "28 U.S.C. §§ 1331, 1441, 1442, 1446, and 1367." Notice of Removal at 2. Inasmuch as Zodiac relied on 28 U.S.C. § 1442 as one basis for removal, it was unnecessary for Zodiac to secure the consent of other parties in removing the case. Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998)("Federal officer removal constitutes an exception to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition."); see also 28 U.S.C. § 1442(a)("A civil action . . . that is against or directed to any of the following may be removed by them to the district court of the United States for the district . . . wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States . . . .")(emphasis added).

In a response to the motions to remand filed May 17, 2016, however, Zodiac announced that it "does not oppose the [Central Regional West Virginia Airport Authority's] motion" to

remand the case.  Response of Engineered Arresting Systems Corp. to Mot. to Remand at 1.  Zodiac's change of heart came after the Third Circuit's recent ruling in <u>Sikkelee v. Precision Airmotive Corp.</u>, No. 14-4193, 2016 WL 1567236 (3d Cir. Apr. 19, 2016), which evidently was not consistent with Zodiac's legal theory.  Inasmuch as Zodiac asserted the right to remove under § 1442, and has now acquiesced in the motion to remand, and inasmuch also as no other party has come forward to renew the request to remove pursuant to § 1442 or any other statute, the court will grant the motions to remand.

The court is somewhat troubled by Zodiac's statement that, "[s]hould <u>Sikkelee</u> be reversed or otherwise overturned by subsequent proceedings, [Zodiac] reserves the right to re-file a notice of removal."  Response of Engineered Arresting Systems Corp. to Mot. to Remand at 2.  Under 28 U.S.C. § 1446, a case that is not removed following service of an initial pleading upon some defendant may be removed only upon receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The question, then, is whether changing appellate authority from another circuit or the Supreme Court would count as an "order" or "other paper" sufficient to allow an otherwise untimely removal.  Leading authorities on this issue strongly

suggest that it would not, at least absent highly unusual circumstances.[1]  Zodiac cannot change application of the removal statute by "reserving the right" to remove this case a second time.  Any successive removal will withstand a motion to remand only if it complies with relevant rules, including § 1446.  In

---

[1] The "language of section 1446(b) . . . refers, as most cases hold . . . to pleadings, etc., filed in the suit sought to be removed, not in some other suit ('amended' is a clue)." Wisconsin v. Amgen, Inc., 516 F.3d 530, 533 (7th Cir. 2008)(Posner, J.); see also Allen v. Monsanto Co., 396 F. Supp. 2d 728, 731 (S.D.W. Va. 2005)("Although the Fourth Circuit has never ruled on this issue, an overwhelming majority of courts . . . hold that an intervening Supreme Court case does not provide the basis for removal."); Wright, Miller and Cooper, 14C Federal Practice & Procedure § 3731 (4th ed.)(West 2016)("[T]he publication of opinions by other courts dealing with subjects that potentially could affect a state court suit's removability, and documents not generated within the state litigation generally are not recognized as 'other papers,' receipt of which can start a 30-day removal period under Section 1446(b).").

The Third and Fifth Circuits appear to be the only courts of appeals to have explicitly allowed untimely removals based on orders issued in a separate case.  Each circuit has upheld such a removal precisely once.  Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 266 (5th Cir. 2001); Doe v. Am. Red Cross, 14 F.3d 196, 197 (3d Cir. 1993).  "In both of those cases, however, the defendant seeking to remove was also a party in the separate case which generated the decision creating a basis for federal jurisdiction."  Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 969-70 (8th Cir. 2007).  Moreover, both courts stressed the narrowness of the doctrine.  In Doe, the Third Circuit held that the Supreme Court's opinion in Am. Nat'l Red Cross v. S.G., 505 U.S. 247 (1992), "gave the 'specific and unequivocal direction that the Red Cross [was] "thereby authorized to remov[e] from state to federal court of any state-law action it is defending."'" A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 210 (3d Cir. 2014)(quoting Doe, 14 F.3d at 201).  In Green, the Fifth Circuit explicitly confined its use of the doctrine to situations where an order was issued in another case "involving the same defendants, and a similar factual situation and legal issue."  Green, 274 F.3d at 268.

short, this order should not be construed as an endorsement of Zodiac's statement that it may, if it chooses, remove a second time simply because of a change in law.

Based on the foregoing, the court ORDERS that the motions to remand be, and they hereby are, granted. The court will, by companion order entered contemporaneously herewith, remand this action to the Circuit Court of Kanawha County.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and any unrepresented parties and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

DATED: June 28, 2016

John T. Copenhaver, Jr.
United States District Judge